No. 35,156

C. H. COCHRAN, *Petitioner*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Respondent.*

(133 P. 2d 91)

Opinion on postdecision motions filed December 24, 1942. (For former opinions see 153 Kan. 777, 113 P. 2d 1048, 155 Kan. 777, 130 P. 2d 605.)

*C. H. Cochran,* pro 'se.

*J. S. Parker,* attorney general, *Jay Kyle,* assistant attorney general, and *Walter Biddle,* county attorney, for the respondent.

The opinion of the court was delivered by

HARVEY, J.: On November 20, 1942, the petitioner, acting in his own behalf, filed a "Motion to submit new evidence," also on the same date a "Motion to court to order respondent to submit evidence seized." These motions are denied. When this case was set for hearing on July 15 the court made it clear to all parties that the testimony of all witnesses, all documentary evidence or depositions bearing upon the issue to be determined, were to be presented at that time. It seems obvious that the matters now sought to be placed in the record were known to the petitioner then and prior thereto. There is no contention to the contrary. Had they been presented at that time respondent would have had an opportunity to test their authenticity or make such other showing as the facts warranted.

Also, on November 20, 1942, the petitioner, acting on his own behalf, filed in this court a motion for stay of judgment to enable him to prepare proceedings in certiorari to the United States supreme court, also a notice of procedure in certiorari, also a motion for a certified copy of the record to be used for that purpose. These motions were withdrawn December 8, 1942, perhaps for the reason that they were deemed premature.

Also, acting on his own behalf, the petitioner on November 20, 1942, filed a motion for rehearing, and on November 30, 1942, a supplement to the motion for rehearing, and on December 8, 1942, an additional motion for rehearing. These motions are stricken from the files because of the impertinent and scandalous matter contained therein. Some questions suggested by the motions would be treated and properly disposed of if presented in a motion without such impertinent and scandalous matter. The petitioner is hereby given twenty days from the filing of this opinion in which to file such a motion. It may be filed on his own behalf, but we suggest that he counsel with an attorney and have his advice with respect to the preparation of such a motion.

In these papers last mentioned there is a contention that the transcript of the testimony was inaccurate in some particulars. If there is to be a correction of the transcript it should be done by the court, upon proper application made to it, after notice and under the supervision of the member of the court who presided at the hearing on July 15, 1942.

<hr>

